**Lisa Hay, OSB No. 980628**
**Federal Public Defender**
**Email: lisa_hay@fd.org**
**Stephen R. Sady, OSB No. 81099**
**Chief Deputy Federal Defender**
**Email: steve_sady@fd.org**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**

**Attorneys for Petitioner**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ICE DETAINEE #1,** | **Case No. 3:18-cv-01279-MO** |
| **Petitioner,** | |
| **v.** | **MOTION TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER** |
| **JOSIAS SALAZAR,**<br> **Warden, FCI Sheridan,** | |
| **ELIZABETH GODFREY,**<br> **Acting Field Office Director,**<br> **Seattle Field Office, ICE,** | |
| **Respondents.** | |

The petitioner, through his attorneys, respectfully moves the Court, pursuant to Federal

Rule of Civil Procedure 5.2(e), to grant leave to proceed under a pseudonym to protect his identity

from disclosure to the government and the public, while disclosing his identity to the Court, in

order to protect his identity as an asylum-seeker, and to protect against reasonably feared

retaliatory harm resulting from his participation in this litigation.

## ARGUMENT

### A.  Courts Permit Parties to Proceed Anonymously Under Facts Directly Analogous To The Present Case.

Although the public holds a "common law right of access to judicial proceedings," federal

courts permit parties to proceed anonymously "when special circumstances justify secrecy." *Does*

*I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Anonymity is

warranted "when identification creates a risk of retaliatory physical or mental harm . . . ." *Id.* at

1068. Accordingly, courts have routinely permitted asylum seekers, who inherently face risks of

retaliatory harm from their persecutors if identified publicly, to proceed anonymously. *See, e.g.*,

*Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013); *John Doe v. Gonzales*, 484 F.3d 445 (7th

Cir. 2007); *Ms. L. v. United States Immigration and Customs Enforcement*, 302 F.Supp. 3d 1149

(S.D. Cal. 2018); *Unknown Parties v. Johnson*, No. CV-15-00250-TUC-DCB, 2016 WL 8188563

(D. Ariz. Nov. 18, 2016); *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164 (D. D.C. 2015). Moreover, courts

have held that a plaintiff who attacks governmental activity has a "particularly strong" interest in

nondisclosure of his identity to the government. *See, e.g.*, *Doe v. Stegall*, 653 F.2d 180, 185 (5th

Cir. 1981) (challenging governmental activity is one factor permitting anonymity); *Doe v. Del Rio*,

241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("[W]here a lawsuit is brought solely against the government

and seeks to raise an abstract question of law that affects many similarly situated individuals, the

identities of the particular parties bringing the suit may be largely irrelevant to the public concern

with the nature of the process."); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y.

2003) ("[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong.").

To determine whether a party may proceed anonymously, the Ninth Circuit requires balancing of the "party's need for anonymity" against the "prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXII*, 214 F.3d at 1068. Factors relevant to determine a party's need for anonymity include: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted). The threatened retaliatory harm is severe when it is greater than what a typical party would face. *Id.* at 1070-1071. An anonymous party's fear of threatened retaliatory harm is reasonable when "a reasonable person would believe that the threat might actually be carried out." *Id.* at 1071. An anonymous party is vulnerable to such retaliation if he or she cannot reasonably protect him- or herself from it. *Id.* at 1072 (alien plaintiffs' contractual inability to quit their employment and their employer's power to take action to expose them to deportation made them vulnerable to threatened retaliatory harm from their employer).

After determining a party's need for anonymity, a court must consider any prejudice to opposing parties resulting from such anonymity "at each stage of the proceedings," and must determine "whether proceedings may be structured so as to mitigate that prejudice." *Id.* Finally, a court must decide "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

**B.      The Petitioner Reasonably Fears Disclosure Of His Identity Due To His Vulnerability To Retaliation.**

The petitioner, as an asylum-seeker, both reasonably fears severe harm that is greater than what a typical party would face from his persecutors, and he would be vulnerable to such harm. As an asylum seeker, the petitioner faces threats of severe harm from his persecutors. Under these threats, public disclosure of the petitioner's identity "could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin." *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (quoting U.S. Customs & Immigration Servs. Asylum Div., U.S. Dep't of Homeland Sec., *Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants* (2005)) (*currently available at* http://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/Static_Files_Memoranda/Archives%201998-2008/2005/fctsheetconf061505.pdf (last visited June 20, 2018)). Government policies prohibiting or limiting the public availability of information related to asylum claims confirms the reasonableness of the petitioner's fear of retaliatory harm. *See*, *e.g.*, 8 C.F.R. §§ 208.6; *id.* § 1208.6 (barring disclosure of information relating to asylum applications); 8 C.F.R. § 208.9(b) (requiring asylum interviews to be held "separate and apart from the general public"); Fed. R. Civ. P. 5.2 & cmt. c. (limiting remote access to immigration electronic case files due to "the prevalence of sensitive information in such cases").

Moreover, the petitioner, as a civil immigration detainee, reasonably fears severe harm that is greater than what a typical party would face from bringing an action regarding his punitive treatment by the same government from which he is seeking a grant of asylum. The immigration proceedings are the petitioner's primary interest: as stated in Mr. Teesdale's affidavit, the inability

to proceed anonymously may result in withdrawal of petitions. The government has the capacity to harm the petitioner, and he has already been subjected to harm "greater than what a typical party would face" by the imposition of harsh, prison-like conditions normally reserved for pre-trial criminal detainees upon the petitioner, a civil detainee.

The government currently maintains strict control over not only the petitioner's daily life, but also over his future ability to remain in the United States protected from his persecutors abroad. Consequently, the petitioner is particularly vulnerable to any harm that the government could cause him both in FDC Sheridan as well as in his asylum proceedings. In light of the treatment that the petitioner has already suffered under the government's punitive detention regime, the petitioner reasonably fears that if his identity is revealed to the government as a participant in this lawsuit, the government could retaliate by exacerbating or failing to mitigate his harsh treatment and by adversely impacting his immigration proceedings. The government, through public statements, has repeatedly confirmed the existence of their policy to punitively deter asylum seekers such as the petitioner from entering the country and seeking asylum. The petitioner's fear that participation in this lawsuit could negatively impact his asylum proceedings in retaliation for contesting his detention is thus reasonable and provides a sound basis for proceeding anonymously.

## C.   The Petitioner's Need For Anonymity Outweighs Any Prejudice To The Government.

Courts must weigh the risk of harm to the party requesting to appear under a pseudonym against prejudice to the opposing party. *Does I thru XXIII*, 214 F.3d at 1069 (recognizing district courts' responsibility "to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case"). Because courts determine prejudice "at each stage of the proceedings," courts may grant a party leave to appear under a pseudonym

even when "at some later point in the proceedings it may be necessary to reveal [the party's] identities so that [opposing parties] may refute individualized accusations." *Id.* at 1068, 1072.

Here, the government will not be prejudiced if this motion is granted because the individualized allegations need not be addressed at the current stage of the proceeding. Thus, the petitioner's anonymity cannot currently prejudice the government's ability to litigate the case. Even if disclosure of the petitioner's identity to the government may become necessary at a later stage of the proceedings, this factor weighs in favor of anonymity at the present stage.

Moreover, because the petitioner challenges the legality of governmental activity, his need for anonymity is entitled to special weight, as found in *Doe v. Stegall*, *supra*, *EW v. New York Blood Ctr.*, *supra*, *Doe v. Del Rio*, *supra*. Here, the petitioner challenges the systemic detention policies and practices of governmental agencies. While nondisclosure of the petitioner's identity will not significantly prejudice the government's ability to respond to non-individualized assertions at present, denying petitioner's request to keep his identity confidential will require him to choose between his safety and vindicating his rights.

## D.  The Public Interest Weighs In Favor Of Permitting The Petitioner To Appear Under A Pseudonym.

In determining whether to allow a party to proceed under a pseudonym, the Ninth Circuit weighs "the arguments under the public-interest factor both for and against anonymity." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010). There is a strong public interest in protecting the confidentiality of asylum seekers such as the petitioner. DHS's own regulations protect asylum-seekers from government disclosure of their information, protecting from disclosure even the fact that they have filed an asylum application. 8 C.F.R. § 208.6.

Moreover, public interest favors anonymity in cases which concern statutory or constitutional rights of public importance that would not be resolved on the merits absent a party's ability to proceed under a pseudonym. *Doe v. Stegall*, 653 F.2d at 185 ("Where litigants risk public scorn or even retaliation if their identities are made public, unpopular but valid complaints may not be pursued."); *Doe v. Del Rio*, 241 F.R.D. at 158 ("The value of open proceedings disappears when there are no proceedings to be had."); *See Doe v. Tandeske*, No. A03-231 CV (JWS), 2003 WL 24085314 at *1 (D. Alaska 2003) ("there is always some risk that if Doe, and others like him, are not allowed to proceed anonymously, no one will litigate issues which are clearly of public importance.").

Consequently, this is not a case in which the public's interest would be best served by requiring public disclosure of the petitioner's identity. The public interest, the risk of serious harm to the petitioner were his identity disclosed to the public, and the lack of prejudice to the government all weigh in favor of granting the petitioner's motion.

## Conclusion

The petitioner respectfully requests that the Court grant this motion and permit him to proceed under a pseudonym. The petitioner additionally requests that, pursuant to Federal Rule of Civil Procedure 5.2(e), this Court order all parties to use the petitioner's pseudonym in all documents filed in this action.

Respectfully submitted this 20th day of July, 2018.

*/s/ Lisa Hay*
Lisa Hay

*/s/ Stephen R. Sady*
Stephen R. Sady
Attorneys for Petitioner

Page 7   **MOTION TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER**