**Lisa Hay, OSB No. 980628**
**Federal Public Defender**
Email: lisa_hay@fd.org
**Stephen R. Sady, OSB No. 81099**
**Chief Deputy Federal Defender**
Email: steve_sady@fd.org
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524

**Attorneys for Petitioner**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ICE DETAINEE #1 through 74,** | Case Nos. 3:18-cv-01279-MO through 3:18-cv-01365-MO |
| Petitioner, | |
| v. | PETITIONERS' REPLY TO RESPONSE TO MOTION FOR EMERGENCY INTERIM RELIEF IN THE FORM OF AN ORDER REQUIRING RELIGIOUS ACCOMMODATIONS |
| **JOSIAS SALAZAR,**  Warden, FCI Sheridan, | |
| **ELIZABETH GODFREY,**  Acting Field Office Director,  Seattle Field Office, ICE, | |
| Respondents. | |

**Introduction**

The basic premise of the government's response is that the petitioners do not challenge the fact or duration of their confinement. CR 18 at 2. But the plain language of the petitions and

supporting memorandum raises precisely such a challenge. The petitioners' requests for relief state: "I ask to be released to the community on conditions, after a hearing at which I will be able to show that I have a community sponsor, am not a danger or a flight risk, and I will appear for any court proceedings as required. I ask for whatever other relief the Court can provide, as law and justice require." CR 1 at 8; *see* CR 11 at 2 (requesting that the Court grant habeas corpus relief and "order immediate release of detainees with conditions to community placements"). Under governing Supreme Court and Ninth Circuit precedent, this Court has jurisdiction to address the petitions for habeas corpus relief. Under the plain language of the Religious Freedom Restoration Act (RFRA), the Court has authority to provide interim relief from the ongoing violations of the detainees' rights to religious expression and practice. By raising only jurisdiction, the government admits to the ongoing RFRA violations. None of the cases relied upon by the government involved challenges to the lawfulness of the custody of civil detainees seeking conditional release. The Court should grant emergency relief from the RFRA violations pending the ultimate disposition of these petitions for habeas corpus relief.

**A.  This Court Has Subject Matter Jurisdiction Under Well-Established And Controlling Precedent.**

As a starting point, the government has not controverted or denied its violations of religious freedom, which means that this Court's review is premised on the facts and inferences asserted by the petitioners. Based on the allegations before the Court, the government's claim that the Court lacks jurisdiction to address statutory and constitutional protections of religious freedom runs contrary to controlling precedent. Further, the government concedes jurisdiction under 28 U.S.C. § 1331, which the petitioners have asserted as one of the bases for this Court's jurisdiction.

    *1.*    *This Court Should Review The Claim For Interim Relief Based On The Tacit Admission And Pleadings Establishing That RFRA Is Being Violated.*

The petitioners have provided clear notice in their pleadings regarding the punitive intent and nature of their detention, including supporting declarations, that they contend render their detention unlawful. When faced with claims for emergency interim relief for violations of religious liberty, the government failed to contest the facts alleged in its response, which constitutes a tacit admission. *See United States v. Hale*, 422 U.S. 171, 176 (1975) (failure to contest an assertion is considered evidence of acquiescence if it would have been natural under the circumstances to object to the assertion in question); *see generally* 5 WEINSTEIN'S FEDERAL EVIDENCE, ¶ 801.31[3][d] at 801-75 (2d Ed. 2017). Further, in determining subject matter jurisdiction, because the petitioners presented specific and non-conclusory facts in support of their motions for relief, this Court assumes the facts and inferences the petitioners draw from them are true in determining "if they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *see Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (reversing dismissal of civil rights action for failure to construe all inferences in plaintiff's favor on summary judgment motion).

In determining whether to grant the requested emergency interim relief, the Court should rule based on the allegations and inferences from the alleged facts as being true and plausibly establishing bases for relief.

    *2.*    *These Petitioners Fall Within The Heartland Of This Court's Equitable Jurisdiction.*

In this District, district court judges – primarily Judge Panner – granted habeas corpus relief for immigration detainees who could not be removed to their home countries, instead granting conditional release, as requested in the present case, for detainees represented by the Oregon

Federal Public Defender up to and including representation of Sergio Martinez in *Clark v. Martinez*, 543 U.S. 371, 386 (2005) (conditional release of criminal aliens required after six months). The federal habeas corpus statute confers jurisdiction over immigrants in unlawful custody. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see generally INS v. St. Cyr*, 533 U.S. 289, 306-07 (2001). The Supreme Court also recognized in *Boumediene v. Bush* that the equitable powers conferred by the habeas corpus statute encompassed determinations regarding the lawfulness of custody of foreigners in Guantánamo, regardless of the specific content of the law of detention and release. 553 U.S. 723, 798 (2008); *see Al Ginco v. Obama*, 626 F. Supp. 2d 123, 130 (D.D.C. 2009); *Basardh v. Obama*, 612 F. Supp. 2d 30, 35-36 (D.D.C. 2009). The Court's authority to grant habeas release in this immigration context falls squarely within well-established precedent.

The broad equitable authority recognized by the Supreme Court in the immigration context is echoed in Ninth Circuit authority regarding unlawful custody for prisoners of the Bureau of Prisons. *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016) (the court has jurisdiction under § 2241 to "decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority[.]") (citing *Close v. Thomas*, 653 F.3d 970, 973-74 (9th Cir. 2011)). The Ninth Circuit granted § 2241 relief in the directly analogous situation of a prisoner seeking consideration for transfer to community corrections during the service of his term of imprisonment. *Rodriguez v. Smith*, 541 F.3d 1180, 1189 (9th Cir. 2008) (affirming grant of writ of habeas corpus and ordering BOP to promptly consider placement in pre-release community corrections). The Ninth Circuit also reached the merits affirming the denial

of class action relief under § 2241 regarding the standard for transfer to community corrections. *Sacora v. Thomas*, 628 F.3d 1059, 1061, 1065 (9th Cir. 2010).

In addition to having established subject matter jurisdiction under § 2241, the petitioners have asserted "jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity." CR 11 at 25. The government appears to recognize that, even if § 2241 did not confer jurisdiction – which it clearly does – the petitioners would have subject matter jurisdiction for "an appropriate civil rights law suit." CR 18 at 2. The Court has jurisdiction under this alternative where the relief sought meets the plain meaning of the jurisdictional language. *See also* ER 11 at 25-26 (asserting jurisdiction under 28 U.S.C. § 1343(4)).

**B.    The Response Relies On Cases That Do Not Apply To Petitioners Seeking Conditional Release Based On The Unlawfulness Of Their Custody.**

The government claims the proper forum for RFRA relief would be a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), citing to state cases involving 42 U.S.C. § 1983. CR 18 at 2-3. But the Ninth Circuit has held "that relief under *Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action." *Solida v. McKelvey*, 820 F.3d 1090, 1093-94 (9th Cir. 2016) (citing *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir.2007), and *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir.2005)). Unlike a *Bivens* claim, the equitable habeas remedy sought in the present case requires official government action. None of the cases cited by the government come close to the present case, where punitive detention provides a basis for conditional release. None of the cases relied upon by the government foreclose the relief sought by the petitioners. The government's theory would leave no mechanism for relief, which would

Page 5    PETITIONERS' REPLY TO RESPONSE TO MOTION FOR EMERGENCY INTERIM RELIEF IN
             THE FORM OF AN ORDER REQUIRING RELIGIOUS ACCOMMODATIONS

amount to an unconstitutional suspension of the writ of habeas corpus. *See St. Cyr*, 533 U.S. at 305 (construing immigration statutes to avoid potential suspension of the writ).

The government's reliance on *Badea v. Cox*, 931 F.2d 573 (9th Cir. 1991), is misplaced because the court never reached the issue for which the case was cited. CR 18 at 3. The issue in that case regarding state transfer to community corrections was superseded by parole, so "an actual change in the duration or conditions of his confinement is now moot." *Id.* at 574. The question unanswered in *Badea* has been emphatically answered by the Ninth Circuit in *Sacora* and *Rodriguez*. Similarly, the court in *Crawford v. Bell* addressed a pro se state prisoner who joined his civil rights claims regarding conditions with a habeas corpus petition, so there was a forum for his complaints as a member of a class of complainants and individually. 599 F.2d 890, 891 (9th Cir. 1979); *see also Shook v. Apker*, 472 F. App'x 702 (9th Cir. 2012) (dismissing pro se medical complaint as properly a *Bivens* claim). None of these cases involve civil detainees, none involved a claim for conditional release, and none provide an alternative path for the equitable relief sought by the petitioners in the present case.

The government's reliance on *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017), to claim that habeas is not an available remedy and that the petitioners should instead file a *Bivens* claim depends on facts absent from the present case, prominently criminal conviction of the petitioner and an available state law equitable remedy under § 1983. CR 18 at 8. In *Nettles*, the court explicitly limited its holding to suits by state petitioners, not federal detainees. 830 F.3d at 931 ("[W]e need not address how the standard . . . adopted here applies to relief sought by prisoners in federal custody."). The Court noted that none of the Supreme Court's reasoning on which it relied involved the rights of federal prisoners. *Id*. By

N/A

N/A

footnote, the Court further stated that "[d]ifferent rules apply to state and federal prisoners seeking relief," because 28 U.S.C. § 2255 provides the "exclusive means by which a federal prisoner may test the legality of his detention" and § 1983 actions are not available. *Id*.

Nothing in *Nettles* undermines the Supreme Court and Ninth Circuit precedent allowing habeas petitions to challenge unlawful federal detention under § 2241 in the context of punitive confinement of civil detainees who seek conditional release. *See also Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 478 (3d Cir. 2015) (when assessing the constitutionality of the immigrants' detention, courts "cannot ignore the conditions of confinement."). The government's claim that *Nettles* requires a *Bivens* action is directly contradicted by *Solida*'s holding that *Bivens* does not encompass "claims seeking solely equitable relief against actions by the federal government." 820 F.3d at 1094. A *Bivens* action could not provide the relief sought by petitioners, which is release from the unlawful confinement.

The cases the government cites that purport to establish lack of jurisdiction based on *Nettles* do nothing of the sort. In *Wright v. Shartle*, 699 F. App'x 733 (9th Cir. 2017), the court in an unpublished opinion affirmed dismissal of a pro se federal prisoner's petition that solely related to conditions where the dispute regarding housing was moot. In *Barber v. Ives*, No. 3:17-cv-01975-BR, 2018 WL 1002612 (D. Or. Feb. 20, 2018), Judge Brown ruled on the merits of a 2241 petition, then denied claims for medical treatment, finding that exhaustion was required under the Prisoner Litigation Reform Act, which does not apply to immigration detainees. *See* 42 U.S.C. § 1997e(a)(h) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or

diversionary program."); *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) ("An alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA."); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (same). In *Isom v. Matevousian*, No. 1:18-cv-00149-MJS, 2018 WL 1505431, *1 (E.D. Cal. Mar. 27, 2018), in another pro se dismissal of a federal prisoner's case, the prisoner advised the court that "he inadvertently submitted a § 2241 petition when he should have submitted a civil rights complaint form," so the court's dismissal of a complaint about the law library has no relevance to the present case. And in none of these cases did the courts address the difference between *Bivens* claims for damages and those seeking injunctive and declaratory relief as required by the *Solida* opinion.

The government cites to cases that it claims require that "religious accommodation claims must be brought in a civil rights action and not in a habeas action." CR 18 at 5. But none of the cases – which involve unpublished decisions and pro se litigants – support the breadth of the claimed proposition.

- *Katz v. McGrew*, 2009 WL 3049635, No. 09-00412-LEK (D. Haw. Sep. 23, 2009): Jewish federal prisoner sought a transfer to a facility that would accommodate religious eating and prayer requirements parallel to civil rights actions seeking the same relief. The petitioner was not a civil detainee and did not claim unlawful punitive detention, nor did he seek conditional release in the community. In footnote 3, the court noted that the transfer did not involve a request for community release that would have addressed the same type of conditional release sought in the present case. The court cited *Bivens* prior to *Solida*'s limitation on injunctive and declaratory relief.

- *Beiruti v. Sugrue*, 2009 WL 902048, No. 1:09-01-00360-TAG HC (E.D. Cal. Apr. 2, 2009): Muslim federal prisoner raised only claims related to food and bathing. He made no claim for conditional release. The court cited to *Bivens* prior to *Solida*'s limitation on injunctive and declaratory relief.

- *Forster v. Hutchens*, 2010 WL 2925063, No. SACV 10-0690-CJC (JEM) (C.D. Cal. June 4, 2010): Jewish state prisoner claiming religious items should be provided did not seek conditional release and had § 1983 remedy available.

The government similarly cites to two unpublished, pro se appellate decisions: one involved claims that were all moot except money damages that are not within the scope of § 2241 (*Cohen Ma v. Hunt*, 372 F. App'x 850, 852 (10th Cir. 2010)); the other denied on the merits an aggravated felon's § 2241 petition, stating without discussion that, to the extent they were even raised, "conditions of confinement" could not be addressed in that context (*Leslie v. Attorney General*, 363 F. App'x 955, 958 (3d Cir. 2010)). None of the cases cited by the government foreclose or impair this Court's authority to order emergency relief from RFRA violations.

C. **The Court Should Implement Its Equitable Authority To Enforce The Plain Language Of RFRA**

Under the plain language of RFRA, the Court has jurisdiction to provide interim relief from the ongoing violations of the detainees' rights to religious expression and practice. RFRA provides that "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000bb-1(c). Given the plain language of RFRA that it applies "in a judicial proceeding," and that habeas corpus actions are obviously judicial proceedings, the plain language of the statute as well as its statutory context establishes that RFRA fully applies to habeas corpus cases. *See Nken v. Holder*, 556 U.S. 418, 426 (2009) ("Statutory interpretation turns on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole'") (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

The statute authorizing RFRA claims in "judicial proceedings" and authorizing "appropriate relief" for violations of RFRA includes no exceptions. The Court should reject the government's invitation to write an exception into the statute, particularly because habeas corpus is intended to be a broad and equitable remedy. *See Boumediene*, 553 U.S. at 738 ("Congress

should 'not be presumed to have effected such denial [of habeas relief] absent an unmistakably clear statement to the contrary.'") (citing *Hamdan v. Rumsfeld*, 548 U.S. 557, 575 (2006)).

The last paragraph of 28 U.S.C. § 2243 reads, "[t]he court shall summarily hear and determine the facts, and dispose of the matter *as law and justice require.*" (emphasis added). This language is a broad statutory conferral of equitable authority. The writ of habeas corpus is intended to be, "above all, an adaptable remedy. Its precise application and scope change[] depending upon the circumstances." *Boumediene*, 553 U.S. at 780; *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (Habeas is not "a static, narrow, formulistic remedy; its scope has grown to achieve its grand purpose"); *Harris v. Nelson*, 394 U.S. 286, 291 (1969) ("The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected"). Further, the "need for habeas corpus is more urgent" and "most pressing" in the context of persons "detained by executive order, rather than, say, after being tried and convicted in a court." *Boumediene*, 553 U.S. at 783.

The interim relief requested is exactly customized in the present circumstances where federal custodians, as part of overall punitive treatment of civil detainees, have historically and currently failed to accommodate religious practices and beliefs. The interim order enforcing RFRA is authorized as "appropriate relief" under 42 U.S.C. § 2000bb-1(c). Further, this Court's equitable habeas authority includes the power to "order [a] petitioner's release pending consideration of his habeas corpus claim." *Hensley v. Municipal Court*, 411 U.S. 345, 352 (1973) (citing *In re Shuttlesworth*, 369 U.S. 35 (1962)); *accord Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987). The Court's power to order release "derives from the power to issue the writ itself." *Marino*, 812 F.2d at 507. Because this Court has the equitable authority to grant interim relief by ordering the

release of a prisoner pending the consideration of his habeas corpus claim, this Court must necessarily also have power to grant interim relief in the form of requiring accommodations under RFRA pending ultimate resolution of the habeas claims, with release an available remedy for failure to comply.

**Conclusion**

For the foregoing reasons and those stated in the memorandum in support of the petitions, the motion for interim relief, and the supporting declarations, the Court should enter an order requiring the respondents forthwith to meet the following requirements or immediately release the petitioners on conditions: (1) provide religious headwear to detainees including turbans; (2) provide personal religious items of the types seized at the time detainees entered custody; (3) allow pastoral visits and religious services from clergypersons and representatives of the detainees' faiths; (4) provide access to religious writings in appropriate languages for the detainees' faiths, (5) provide appropriate locations for prayer and religious practices; and (6) provide reasonable and appropriate opportunities to observe their religious dietary practices in a culturally appropriate manner.

Respectfully submitted this 3rd day of August, 2018.

/s/ Lisa Hay
Lisa Hay

/s/ Stephen R. Sady
Stephen R. Sady
Attorneys for Petitioner